IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JUNE DIANE GOODS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:25-cv-00085-FJG |
| | ) | |
| v. | ) | Senior Judge Fernando J. Gaitan, Jr. |
| | ) | |
| LVNV FUNDING, LLC, and FETTI FINGERHUT/WEBBANK, | ) ) | |
| | ) | |
| Defendant. | ) | |

## [PROPOSED] JOINT SCHEDULING ORDER / DISCOVERY PLAN

Pursuant to this Court's Order (ECF No. 14), Local Rules 16.1 and 26.1, and Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, the parties[1] submit the following Joint Proposed Scheduling Order and Discovery Plan:

1. Proposed date for limiting joinder of parties:

    Parties' Proposal: **September 15, 2025**

2. Proposed date for the filing of motions to amend pleadings:

    Parties' Proposal: **September 15, 2025**

3. Proposed date for limiting the filing of discovery motions:

    Defendants' Proposal: **January 30, 2026**

    Plaintiff's Proposal: **December 10, 2025**

4. Proposed date for the close of discovery:

---

[1] Defendant LVNV Funding, LLC, filed its Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on August 28, 2025. (ECF Nos. 24 & 25.) By submitting this Joint Proposed Scheduling Order and Discovery Plan, Defendant does not intend to waive any arguments raised in its Motion to Dismiss.

Defendants' Proposal: **March 1, 2026**

Plaintiff's Proposal: **November 29, 2025**

5. Proposed date for limiting the filing of dispositive motions:

    Defendants' Proposal: **March 31, 2026**

    Plaintiff's Proposal: **January 5, 2026**

6. Proposed discovery plan for the completion of pretrial discovery

    a. The parties agree that initial Rule 26(a)(1) disclosures will be made on or before **September 12, 2025,** unless otherwise exchanged between the parties prior to that date.

    b. The subjects on which discovery is anticipated include:

        i. Plaintiff's credit report and/or credit history;

        ii. Documentation relating to Plaintiff's communications with Defendants, including but not limited to communications concerning credit reporting disputes and communications related to the underlying debt;

        iii. Defendants' internal records concerning Plaintiff, or her credit information and Defendants alleged attempt to collect the alleged debt;

        iv. The nature and extent of Plaintiff's claimed damage;

        v. Any and all allegations, claims, theories of liability, damages, and affirmative defenses alleged in Plaintiff's Complaint and Defendants' Answer and Affirmative Defenses;

        vi. In any event, the parties reserve their right to obtain discovery on any non-privileged matter that is relevant to any party's claim or defense, including the existence, description, nature, custody, conditions, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.

7. The parties have discussed the scope of discovery, including relevance, and propose the following:

a. At this time, the parties do not anticipate a need to deviate from Rule 33(a) concerning the number and scope of interrogatories, and agree Rule 33 should otherwise apply to any interrogatory served in this case;

b. If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

c. The parties have discussed the taking of depositions pursuant to Rule 30 and present the following agreement: Legal counsel and parties will be permitted to appear telephonically and/or by video conference for depositions provided the platform is deemed secure by all other parties. No party waives the right to attend a deposition in person, but costs or fees incurred to attend in personal shall not be recoverable as they could have been avoided.

d. The parties have no additional limitations or suggestions concerning discovery imposed under the Local Rule or the Federal Rules of Civil Procedure at this time.

8. Protective Order:

   a. The parties anticipate requesting a protective order governing the exchange of confidential information.

9. Expert designations

   a. Deadline for Plaintiff to designate experts:

      Defendants Proposal: **January 4, 2026**

      Plaintiff's Proposal: **November 29, 2025**

   b. Deadline for defendant to designate experts:

      Defendants' Proposal: **February 3, 2026**

      Plaintiff's Proposal: **November 29, 2025**

10. The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery. The parties have also discussed the form or forms in which electronic discovery should be produced. They inform the Court of the following agreements or issues:

To the extent that electronically stored information is produced, the parties agree to produce it in hard copy or PDF OCR searchable format.

11. Trial length and trial date

   a. The parties suggest that a jury trial should be set for any date after:

   Defendants' Proposal: **August 28, 2026**

   Plaintiff's Proposal: **January 20, 2026**

   b. The parties expect that the trial of this matter will last 1 day.

Dated: September 2, 2025                              Respectfully submitted,

/s/ June Diane Goods                                  /s/ Nicholas Vera
June Diane Goods                                      Anna-Katrina S. Christakis (MO No.: 68946)
3629 Wabash Avenue                                    Jeffrey Prilgrim (*pro hac vice*)
Kansas City, MO 64109                                 Nicholas Vera (*pro hac vice*)
june.goods@gmail.com                                  Pilgrim Christakis LLP
                                                      One South Dearborn Street, Suite 1420
                                                      Chicago, Illinois 60603
*Pro Se Plaintiff*                                    Ph. (312) 470-6222
                                                      Fax (312) 939-0983
                                                      kchristakis@pilgrimchristakis.com
                                                      jpilgrim@pilgrimchristakis.com
                                                      nvera@pilgrimchristakis.com

                                                      *Attorneys for Defendant LVNV Funding, LLC*

/s/ Hannah Gerace
Hannah Grace (MO No. 73404)
Faegre Drinker Biddle & Reath LLP
1500 K. Street NW, Suite 1100
Washington, DC 20005
PH: (816) 835-5366
hannah.Gerace@faegredrinker.com
*Attorney for Defendant WebBank*

## **CERTIFICATE OF SERVICE**

  Nicholas Vera, an attorney, certifies that on September 2, 2025, she electronically filed the foregoing with the Clerk of the Court through the CM/ECF system, and sent a copy of the same via U.S. Mail, proper postage prepaid, to the individual listed below:

June Diane Goods
3629 Wabash Avenue
Kansas City, MO 64109
june.goods@gmail.com

                s/  Nicholas Vera